# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 13-20262

————

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2013

Lyle W. Cayce
Clerk

MAURICE MITCHELL,

Plaintiff-Appellant

v.

CORRECTIONAL OFFICER ANGELA R. HENDERSON; GRIEVANCE COORDINATOR A. GUIDRY; LAW LIBRARY SUPERVISOR REGIS C. RAYME; SENIOR WARDEN BRENDA CHANEY,

Defendants-Appellees

————

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-192

————

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Maurice Mitchell, Texas prisoner # 648121, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous. Mitchell's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See*

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

A liberal construction of Mitchell's brief reveals that he asserts that the dismissal of his complaint as frivolous was error, urging that the district court made inappropriate factual determinations and legal conclusions. He also conclusionally asserts that the district court was biased against him, but his conclusional assertion, based on the court's adverse ruling, is insufficient to demonstrate bias on the district court's part. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Although Mitchell broadly references his denial-of-access and retaliation claims, he fails to brief any argument challenging the district court's reasons for dismissing those claims as frivolous. He has thus abandoned any such challenge. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, the instant appeal is without arguable merit and is frivolous. *See Howard*, 707 F.2d at 219-20. The IFP motion is denied, and the appeal is dismissed. *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2.

Both the district court's dismissal of the complaint as frivolous and our dismissal of the appeal as frivolous count as "strikes" for purposes of the "three strikes" bar under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mitchell is warned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained

No. 13-20262

in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.